UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AIG LIFE INSURANCE COMPANY

      Plaintiff,

  v.

L.J.P., a Minor by and through his mother and natural guardian, PATRICIA FALSETTO; P.K.C., a Minor by ant through her mother and natural guardian, MICHELE CONTESTABLE; and P.D.C., a Minor by and through his mother and natural guardian, MICHELE CONTESTABLE,

      Defendants.

No. 2:08-cv-01695-MCE-EFB

**ORDER**

----oo0oo----

Plaintiff AIG Life Insurance Company filed this action in interpleader to seek judicial determination as to the proper disbursement of life insurance benefits payable as a result of the death of its insured, Darren Patterson.  Mr. Patterson was single at the time of his death but left three natural children as potential survivors.  The legal status of L.J.P. as Mr. Patterson's survivor was unquestioned and AIG paid L.J.P. his undisputed one-third share of the policy proceeds.

AIG interpled the remaining two-thirds of the proceeds, however, because Mr. Patterson's other two natural children, P.K.C. and P.D.C., had been adopted by their stepfather after their natural mother, Michele Contestable, remarried.  According to AIG, that adoption made the other two children's survivor status questionable, and it filed this interpleader action as a result. After paying the disputed funds to the Court, AIG was dismissed as a party to this action by the Court's Order signed March 27, 2009.  That left disposition of the policy proceeds between the three minor plaintiffs left for this Court to determine.

Presently before the Court is a Motion to Approve Minor's Compromise filed on behalf of all three minors on April 15, 2010. That Motion came on regularly for hearing on June 10, 2010. P.K.C. and P.D.C appeared by their natural guardian, Michele Contestable, and their attorney of record, Jennifer Miller Moss of the law firm Moss & Locke.  L.J.P. appeared telephonically through his natural guardian Patricia Falsetto, and his attorney of record, Nicholas A Siciliano.  Having reviewed the motion, supporting declarations, and argument and testimony from counsel and from the parties, IT IS HEREBY ORDERED THAT

1.  The Full Release and Satisfaction of All Claims entered into by the parties as set forth in the Motion is approved as being in the best interest of all three minors.

2.  The proceeds from the AIG policy on deposit with the Clerk of Court, United States District Court for the Eastern District of California, shall be paid as follows:

///

///

1  A.  One-third of the proceeds on deposit with the Clerk of
2      Court shall be paid to L.J.P., c/o Patricia Falsetto,
3      Custodian TUTMA.  The Clerk shall issue a check in said
4      amount made payable to L.J.P., c/o Patricia Falsetto,
5      Custodian TUTMA, and shall mail the check to Nicholas
6      A. Siciliano, Esq., 6320 Canoga Avenue, Suite 1400,
7      Woodland Hills, CA 91367.  Nicholas Siciliano is
8      directed to provide written notification to the Court
9      within ten (10) days after said funds have been
10     deposited in the trust account already established for
11     L.J.P.'s benefit under Texas law;
12 B.  Two-thirds of the proceeds on deposit shall be paid to
13     Moss & Locke, Special Attorney Client Trust for the
14     benefit of P.K.C. and P.D.C.  The Clerk of Court shall
15     issue a check in said amount made payable to Moss &
16     Locke, Special Attorney Client Trust FBO P.K.C. and
17     P.D.C., and shall mail the check to Moss & Locke, 555
18     University Avenue, Suite 150, Sacramento, CA 95825;
19 C.  With respect to the two-thirds amount payable to Moss &
20     Locke, attorney's fees to Moss & Locke in the amount of
21     $11,250.00 are approved by the Court and may be deduced
22     from the aforementioned two-thirds proceeds, to be
23     equally divided between the shares of P.K.C. and P.D.C.
24     The balance remaining after those attorneys fees have
25     been paid shall be deposited into a Special Needs Trust
26     for the benefit of P.K.C. and P.D.C., in equal shares,
27     to be established by court order of the Superior Court
28     of the State of California, County of Butte.

3

1     Moss & Locke is directed to establish the requisite
2     Special Needs Trust within forty-five (45) days
3     following the date of this Order.  Moss & Locke is
4     further directed to provide written notification to
5     this Court within ten (10) days after the funds have
6     been transferred to said Special Needs Trust.

IT IS SO ORDERED.

Dated: June 14, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE